No. 04-14-00497-CV

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS

2015 MAR 13 AM 10: 47

Keith E. Hottle
AT THE HOTTLE CLERK

IN THE

FOURTH COURT OF APPEALS

SAN ANTONIO, TEXAS

DAVID CARL GOAD
Appellant.

v.

THE COUNTY OF GUADALUPE, TEXAS,

Appelle.

APPELLANT'S BRIEF II

# EXHIBITS

HEREIN, please find Exhibits for Appellant, David Goad's Brief II

| Exhibit # / Letter | Description |
|---|---|
| A | Photograph of Aircraft fenced off from Runway |
| B | October 10, 2008, Transcript of Judge Nowak, Case No, SA08CV0674 |
| C | February 27, 2009, Order by Judge Biery, Case No. SA08CV0674 |
| D | Citation served on David Goad, Case No. 12-1923-CV |
| 5 | SETTING NOTICE |
| 6 | Letter from Debra Crow, District Clerk, Guadalupe County |

7A...................................Letter hand delivered to Judge Old

7B...................................Email to Lynn Bothe and response

7C...................................Letter to Judge Old, from David Goad

8...................................FIRST AMENDED COMPLAINT against Jamie Osborne

9...................................LOCAL COURT RULES for Guadalupe County

10...................................Affidavit of Jamie Osborne

11...................................Envelope sent to David Goad on January 14, 2008

12...................................Contents of 11 above

13...................................David Goad's response to contents in 11 above

14...................................Letter sent to Guadalupe County Tax Office

15...................................Letter sent to Guadalupe County Tax Office

16...................................Email from David Goad to Jamie Osborne

17...................................Email back and forth, David Goad to/from Jamie Osborne

18...................................Information gained from David Goad's FOIA request (open records).

19...................................David Goad's Notice of Protest

20...................................Agreement between Guadalupe County and Natalie Goad

21...................................AGREED RECORD OF SEPTEMBER 10, 2014 HEARING

## Certificate of Service

I certify that a true copy of this EXHIBITS was served in accordance with rule 9.5 of the Texas Rules of Appellate Procedure on each party or that party's lead counsel on March 12, 2015 as follows:

McCreary, Veselka, Bragg & Allen, P.C.
Mathew Tepper, (bar no. 24029008)
700 Jeffrey Way., Suite 100
Round Rock, Texas 78665
U.S. Mail

David Goad



Exhibit "A"

*Oct 20, 2008 Hearing*

For the defendants, what's the purpose of the fence?

MR. HOLLAND: Security. I would have witnesses come forward to say that they've driven animals off of that runway. And when a plane is landing, it's a very dangerous situation.

The other purpose of the fence is it's a legal fence. It was by judgment, by vote of the members and --

THE COURT: It sure sounds controversial.

MR. GOAD: It may be controversial, Your Honor, but a majority voted for it. There was a judgment. But, more importantly, plaintiff doesn't have standing. He's not a member of the association. He's not a platted part of the subdivision. He's not part of the platted subdivision so he doesn't have standing.

THE COURT: Well, of course, my job is I'm going to have to decide, you know, legally whether there are any claims. Because today we're just talking about preliminary injunction as to the 1983 claim, whether there is a likelihood of success on the merits. That's all we're talking about today. And that's going to be a strict legal analysis.

Now, regardless of what I decide on that, there's a RICO claim that's going to survive today. I count my blessings that in almost 20 years on the bench I haven't had to deal too much with RICO claims. But it looks like we're going to have to deal with one in this case. And that's going to be expensive for everyone. And Mr. Goad is representing himself.

CHRIS POAGE, RMR, CRR
United States Court Reporter



**FILED**

FEB 2 7 2009

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
              DEPUTY CLERK

| | | |
|---|---|---|
| DAVID GOAD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| TOMMY ANDERSON; | § | |
| DAVE CAFFEY; | § | |
| ROBERT DELONG; | § | |
| LEO GATES; | § | CIVIL ACTION NO. |
| DARRELL GODFREDSON; | § | |
| FRED HALL; | § | SA-08-CV-0674 FB (NN) |
| JIM HOHLT; | § | |
| MICHAEL MEEKS; | § | |
| TERRY O'MAHONEY; | § | |
| TONY OTTO; | § | |
| LONNIE PENCE; | § | |
| A. PARKER WOOD; | § | |
| RICHARD WILFONG; | § | |
| GUADALUPE COUNTY; | § | |
| GENE MAYES, | § | |
| Guadalupe County Pct. 4 Constable; | § | |
| SHERIFF ARNOLD ZWICKE, and | § | |
| RONALD PATTON, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING SECOND APPLICATION
## FOR TEMPORARY RESTRAINING ORDER

This order addresses plaintiff David Goad's second application for a temporary restraining

order.[1]  In the application, Mr. Goad sought an order enjoining defendant Guadalupe County,

defendant Sheriff Arnold Zwicke, and others acting on these defendants' behalf, from arresting Mr.

Goad and others without the approval of this Court and to enjoin defendants from further abuse of

---

[1]Docket entry # 102.

*Exhibit "C"*

*C - 3*

the judicial process. In his application, Mr. Goad stated that Sheriff Zwicke sought to execute a warrant for his arrest, already having sent deputies to his home. Mr. Goad asserted his witnesses in this case are being harassed and intimidated to prevent them from testifying on his behalf. Mr. Goad stated that the husband of one of his witnesses was arrested after the wife provided a sworn declaration supporting Mr. Goad's application for a preliminary injunction.[2] Mr. Goad also stated that Dorothy Golding—the original developer of Zuehl Airfield, Mr. Goad's primary witness for the hearing on the application for preliminary injunction—had been incarcerated again. Mr. Goad explained that since he filed this lawsuit, the defendants sued him in state court over the same issues disputed in this lawsuit. Mr. Goad asserted that he fears physical retaliation for pursuing his lawsuit.

To obtain a temporary restraining order, a plaintiff must show (1) a substantial likelihood of success on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the relief is not granted; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest.[3] A preliminary injunction is an extraordinary remedy, granted only if the plaintiff has clearly carried the burden of persuasion on all four requirements.[4]

---

[2] *See* docket entry # 7, exh. H (declaring that certain defendants in this case threatened that she and her husband would encounter difficulty if they voted against them in property owners association business).

[3] *Karaha Bodas Co., v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003).

[4] *Karaha Bodas Co.*, 335 F.3d at 363.

"Since the beginning of this country's history, Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."[5] Section 2283 of title 28 expressly prohibits federal courts from "grant[ing] an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."[6] Courts have determined that an "arrest" constitutes a "proceeding" for the purpose of applying this statute.[7] Ordinarily, a federal court will not "enjoin state officers from instituting criminal actions . . . [because state officers] are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done."[8] "The accused should first set up and rely upon his defense in the state courts . . . unless it plainly appears that this course would not afford adequate protection."[9] Although section 1983 of Title 42 is an exception to the anti-injunction statute,[10] a plaintiff seeking injunctive relief must still "demonstrate that he will suffer irreparable injury if the federal court stays its hand, and . . . that he does not have an adequate remedy at law in the state courts."[11] Mr. Goad has not

_____

[5]*Younger v. Harris*, 401 U.S. 37, 43 (1971).

[6]28 U.S.C. § 2283.

[7]*See Hartsville Theatres v. Fox*, 324 F. Supp. 258, 262 (D.C.S.C. 1971) ("An arrest, it would seem, satisfies this 'comprehensive' definition of 'proceedings.'").

[8]*Younger v. Harris*, 401 U.S. 37, 45 (1971). *See Trainor v. Hernandez*, 431 U.S. 434, 441 (1977) ("[B]asic concerns of federalism . . . counsel against interference by federal courts, through injunctions or otherwise, with legitimate state functions, particularly with the operation of state courts.").

[9]*Id.* (citation & quotation marks omitted).

[10]*See Mitchum v. Foster*, 407 U.S. 225, 243 (1972) (explaining why section 1983 is an "expressly authorized" exception of to the anti-injunction law).

[11]*Duke v. Texas*, 477 F.2d 244, 248 (5th Cir. 1973).

3

shown that he faces irreparable harm. Guadalupe County and the Sheriff stated that Mr. Goad was arrested and released on bond the following day. The state-court criminal procedures provide a mechanism for an accused to defend himself and to expunge an improper arrest. Mr. Goad cannot show he has no adequate remedy at law because the Texas state courts provide a criminal defendant with remedies for a wrongful arrest. Without a showing of irreparable injury and an inadequate remedy, this Court cannot enjoin the state court.

That said, Mr. Goad's allegations are serious. Regardless of who actually arrested Mr. Goad[12] or who prosecutes the charges against Mr. Goad,[13] the arrest and the charges originated from defendant Guadalupe County. If the defendants are using arrests and criminal charges to intimidate or harass Mr. Goad or his witnesses, the defendants could face serious consequences. Witness tampering and witness retaliation are federal offenses. "Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so . . . . with intent to . . . influence, delay, or prevent the testimony of any person in an official proceeding [like this lawsuit] . . . shall be fined . . . or imprisoned not more than 20 years, or both."[14]

> Whoever knowingly engages in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for . . . the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or

---

[12]Guadalupe County and the sheriff reported that the U.S. Marshal executed the capias for Mr. Goad's arrest. *See* docket entry # 104.

[13]Guadalupe County and the sheriff reported that the district attorney is prosecuting the charges against Mr. Goad. *See* docket entry # 104.

[14]18 U.S.C. § 1512(b).

4

other object produced by a witness in an official proceeding . . . or attempts to do so, shall be fined . . . or imprisoned not more than 20 years, or both.[15]

Efforts to impede the prosecution of this lawsuit by intimidating Mr. Goad or his witnesses would likely be admissible at trial, undermine any defenses, increase Mr. Goad's damages, and result in civil sanctions. The Court looks to the attorneys to discuss Mr. Goad's allegations with their clients and advise the defendants about the inappropriateness and consequences of interfering with the prosecution of this lawsuit.

IT IS THEREFORE ORDERED, for the reasons discussed in this order, that Mr. Goad's application for a temporary restraining order (docket entry # 102) is DENIED.

IT IS FURTHER ORDERED the Clerk of Court shall send a copy of this Order to the county judge of Guadalupe County and the state district judges sitting in Guadalupe County.

It is so ORDERED.

SIGNED this _27_ day of February, 2009.

FRED BIERY
UNITED STATES DISTRICT JUDGE

---

[15]18 U.S.C. § 1513(b).

5

CAUSE NO. 12-1923-CV

| THE COUNTY OF GUADALUPE, TEXAS | IN THE DISTRICT COURT |
| PLAINTIFF | |
| VS. | 25TH JUDICIAL DISTRICT |
| DAVID C. GOAD, ET AL | |
| DEFENDANT | GUADALUPE COUNTY, TEXAS |

## CITATION IN A DELINQUENT TAX SUIT

**DEFENDANT TO BE SERVED:**
David C. Goad aka David Goad (No Personal Liability)
1154 Rivertree Drive, New Braunfels, Comal County, Texas 78130-2425
**Phone Number: (830) 221-5905**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### RETURN OF CITATION IN A DELINQUENT TAX SUIT

CAME TO HAND on the _1st_ day of _October_, 20_12_, at _3:57 P_ o'clock AM/PM, and executed in Comal County, Texas, by delivering to the within named defendant, IN PERSON, a true copy of this Citation, at the following time and place, to-wit:

| NAME OF DEFENDANT to whom citation delivered: |
| David C. Goad |

| Return of Citation by Personal Service | | |
| Date Delivered | Time Delivered – AM/PM | Where Delivered |
| 11-08-2012 | 9:50 AM | 1154 River Tree |

**BOB HOLDER**
**Sheriff of Comal County**
SHERIFF, COMAL COUNTY, TEXAS

BY _[signature]_ #_389_, DEPUTY          FEE for Service $_____

RESPONDENT'S COPY  Exhibit "D"

THE STATE OF TEXAS

CAUSE NUMBER 12-1923-CV

PLAINTIFF IS: The County of Guadalupe, Texas, collecting property taxes for itself and for Marion Independent School District

DATE OF FILING OF PLAINTIFF'S LATEST PETITION ("DATE"): September 27th 2012

COURT: 25th Judicial District Court of Guadalupe County, Texas at the Courthouse of said County located in Seguin, Texas ("COURT")

TO DEFENDANT: David C. Goad aka David Goad (No Personal Liability)
1154 Rivertree Drive, New Braunfels, Comal County, Texas 78130-2425
This defendant owns or has an interest in Tract 1 described on attached Schedule A.

Defendant, GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation, a default judgment may be taken against you.

YOU ARE HEREBY COMMANDED to appear and answer before the Honorable COURT at or before 10:00 a.m. of the Monday next after the expiration of 20 days from the date of service of this Citation, then and there to answer the petition of the PLAINTIFF named in Plaintiff's Petition, filed in said COURT on the DATE against the above named DEFENDANT, said suit being numbered on the docket of said COURT as the CAUSE NUMBER shown above, the nature of which demand is a suit to collect delinquent property taxes on the PROPERTY(S), described on attached Schedule A. All Defendants in this suit are named on attached Schedule A.

The total amount of delinquent taxes due PLAINTIFF, exclusive of interest, penalties and costs, is the sum of $830.72, on said PROPERTY(S) being more particularly described on attached Schedule A. THE TOTAL AMOUNT OF DELINQUENT TAXES, PENALTY, AND INTEREST DUE ON THE PROPERTY(S) AS OF THIS DATE THAT MUST BE PAID IS $1,372.42.

The names of all taxing units which assess and collect taxes on said PROPERTY(S), not made parties to this lawsuit are INTERVENORS. PLAINTIFF and all other taxing units who may set up their tax claims herein seek recovery from DEFENDANTS of delinquent ad valorem taxes on the PROPERTY(S), and in addition to the delinquent taxes, all accrued statutory penalties and interest, costs, and attorney's fees allowed by law thereon up to and including the day of judgment herein, and the establishment and foreclosure of tax liens securing the payment of the same as provided by law. However, PLAINTIFF does not seek a personal judgment for any of the amounts due against DEFENDANTS designated "No Personal Liability".

All parties to this suit, including PLAINTIFF AND DEFENDANTS, shall take notice that claims not only for any taxes which were delinquent on said PROPERTY(S) at the time this suit was filed, but all taxes becoming delinquent thereon at any time thereafter up to the day of judgment, including all accrued statutory penalties and interest, costs, and attorney's fees allowed by law thereon, may, upon request therefore, be recovered herein without further citation or notice to any parties herein, and all said parties shall take notice of and plead and answer to all claims and pleadings now on file and which may hereafter be filed in this cause by all other parties hereto, and by all of those taxing units above named, who may intervene herein and set up their respective tax claims against said PROPERTY(S).

The officer executing this return shall promptly serve the same according to the requirements of law and the mandates hereof and make due return as the law directs.

Issued and given under my hand and seal of said COURT at Seguin, Texas, this the 27th day of September, 20 12.

Debra Crow
CLERK OF THE DISTRICT COURT
308 Courthouse 101 E. Court Street
Seguin, Texas 78155
(830) 303-4188 x241
Fax: (830) 303-1943

BY: _____
(Clerk/Deputy Clerk)

McCREARY, VESELKA, BRAGG & ALLEN, P.C.
ATTORNEYS FOR PLAINTIFF
P.O. Box 537
Seguin, Texas 78156-0537
(830) 379-5600
Fax: (830) 379-2202

## SCHEDULE A

**PLAINTIFF IS:** The County of Guadalupe, Texas, collecting property taxes for itself and for Marion Independent School District

**DEFENDANTS ARE:**

David C. Goad aka David Goad (No Personal Liability) (Interest in Tract 1)

Kristin G. Goad aka Kristin Goad (No Personal Liability) (Interest in Tract 1)

Natalie H. Goad aka Natalie Goad (No Personal Liability) (Interest in Tract 1)

PLAINTIFF seeks a personal judgment for all amounts due against DEFENDANTS designated "Personal Liability". PLAINTIFF does not seek a personal judgment for any of the amounts due against DEFENDANTS designated "No Personal Liability". PLAINTIFF seeks foreclosure of the tax liens on the PROPERTY as to all the DEFENDANTS.

**PROPERTY AND AMOUNTS DUE:**

**Tract: 1**
Account Number: R146794/2G0134000001105000
Property Description: 1.00 Acre, more or less, out of Abstract 134 of the Jose Flores Survey, Guadalupe County, Texas
Approximate Property Address: Windsock
Deed Reference: Volume 2537, Page 681
Assessed Name: GOAD DAVID C CUSTODIAN FOR KRISTIN G & NATALIE H

| | |
|---|---|
| $1,372.42 | Due to The County of Guadalupe, Texas For Tax Years: 2008-2011 |
| $1,372.42 | TOTAL DUE (09/2012) |

**TOTAL AMOUNTS DUE:**

| | |
|---|---|
| $1,372.42 | Due to The County of Guadalupe, Texas |
| $175.00 | Title Research Fee |
| **$1,547.42** | **TOTAL DUE (09/2012)** |
| $1,557.41 | **TOTAL DUE (10/2012)** |

IN ADDITION TO THE DELINQUENT TAXES AND TITLE RESEARCH FEES, THERE ARE COURT COSTS WHICH MUST BE PAID. CONTACT THE DISTRICT CLERK'S OFFICE AT (830) 303-4188 X241 FOR THE AMOUNT OF COURT COSTS THAT MUST BE PAID BEFORE THIS LAWSUIT CAN BE DISMISSED.

IF THIS LAWSUIT HAS NOT BEEN DISMISSED, DELINQUENT TAXES FOR SUBSEQUENT TAX YEARS ON THIS PROPERTY ARE AUTOMATICALLY INCLUDED IN THIS LAWSUIT ON THE FIRST DAY OF DELINQUENCY AND INCUR STATUTORY PENALTIES, INTEREST AND ATTORNEY FEES AUTHORIZED BY THE PROPERTY TAX CODE.

CAUSE NO. 12-1923-CV

| | | |
|---|---|---|
| THE COUNTY OF GUADALUPE, TEXAS | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | 25TH JUDICIAL DISTRICT |
| DAVID C. GOAD, ET AL | § § | |
| Defendant. | § § | GUADALUPE COUNTY, TEXAS |

## SETTING NOTICE

Defendant, David Goad asks the Clerk of the Court to set all hearing(s) after first confirming dates in which both plaintiff and defendant available.

December 5, 2012

Respectfully submitted,

_____
DAVID GOAD, Defendant pro se
1154 Rivertree Drive
New Braunfels, Texas 78130
830-515-205

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 5, 2012, the foregoing Setting Notice was served on all parties of record as set out herein below:

McCreary, Veselka, Bragg & Allen, P.C. Attorneys for Plaintiff
P.O. box 537
Seguin, Tx 78156-0537
U.S. Mail

_____
David Goad

Exhibit "5"



## Debra Crow, District Clerk

101 E. Court, Suite 308
Seguin, Texas 78155
Phone: (830) 303-8873
Fax: (830) 379-1943

VISA/MASTERCARD

David Goad
1154 Rivertree Drive
New Braunfels, Texas 78130

March 5, 2014

Re: Jury Fees

Mr. Goad,

In regards to your jury fee return request for cause numbers 12-1923-CV and 08-1872-CV, this office is unable to approve that request. Please refer to LGC 51.604. In addition, there is no record of a jury demand denial in either case.

Thank you,

DEBRA CROW
Guadalupe District Clerk

By _Lida Urrutia_ _____ Deputy

*Exhibit "6"*

Dear Judge Old III,

Please be advised that I am hand delivering the DEFENDANT'S MOTION FOR CONTINUANCE (copy) due to past irregularities with Court Clerks.

I also ask that you review the entire file. I have steadfastly been denied the procedures set fourth in the "LOCAL RULES OF PRACTICE AND PROCEDURES" Rule 1. Settings 1.1 "No Court will notify a party of a setting except in the case of a request for a setting by a *pro se* litigant."

This Notice has been forwarded to opposing council as per "CERTIFICATE OF SERVICE" attached to the aforementioned DEFENDANT'S MOTION FOR CONTINUANCE.

Thank You

David Goad

Exhibit "7a"

**Subject:** RE: 12-1923-CV
**From:** Lynn Bothe <lynnb@co.guadalupe.tx.us>
**Date:** 3/3/2014 8:36 AM
**To:** "1983remedies@gmail.com" <1983remedies@gmail.com>

Judge Old denied your motion for continuance.

Lynn Bothe
25th Judicial District
Court Administrator

-----Original Message-----
**From:** 1983remedies@gmail.com [mailto:1983remedies@gmail.com]
**Sent:** Monday, March 03, 2014 8:33 AM
**To:** Lynn Bothe
**Subject:** 12-1923-CV

Hola,
A trial was set for this morning.
I was expecting a call last week regarding a motion for continuance, however, I have heard nothing. Please inform the court (if the motion has not been signed) that my medical issues persist requiring me to take pain medication at 3:30a.m, and again at 7:15 a.m. this morning.
I am unable to come into court this morning.

Thank Yoo
David Goad



Exhibit "7B"

David Goad
1154 Rivertree Drive
New Braunfels, Texas 78130

March 31, 2014

William D. Old III., District Judge.
101 E. Court Street., Rm. 203
Seguin, Texas 78155

Re: 12-1923-CV

Hola Judge Old III,

Ms. Bothe informed me that you denied my Motion for Continuance at the last hearing.

To this date I have not received the order of denial nor any other orders or rulings. I must say this has been an issue in other cases within Guadalupe County Courts.

Please find enclosed an envelope with a stamp attached addressed to myself. I ask that you be kind enough to forward to me your order of denial and any other issues you may have signed at that last hearing.

Thank You

David Goad

Copy mailed to:  McCreary, Veselka, Bragg & Allen, P.C.
P.O. Box 537
Seguin, Texas 78156-0537

*Exhibit "7c"*

CAUSE NO. JSC4-4995

| DAVID GOAD | § | IN THE JUSTICE COURT |
| Plaintiff, | § | |
| v. | § | PRECINCT NO. FOUR |
| | § | |
| JAMIE OSBORNE | § | |
| Defendant. | § | GUADALUPE COUNTY, TEXAS |

## FIRST AMENDED COMPLAINT

Plaintiff, David Goad, files this First Amended Complaint and will show the Court the following:

1. Plaintiff, David Goad hereinafter known as "P-DG" resides at: 1154 Rivertree Drive, New Braunfels, Texas 78130.

2. Defendant, Jamie Osborne, hereinafter known as "D-JO" whose work address is at: 3000 North Austin Street, Sequin, Texas 78155. She is being sued individually. This suit does not include Guadalupe County.

3. The real property in question is a one acre parcel purchased under the Texas Gift to Minors Act in September of 2007. **Described as:** *A one acre tract of land situated in Guadalupe County, Texas out of the Jose Flores Survey no. 63, Abstract no. 134, being part of one of those tracts conveyed to Dorothy Buffington Golding and recorded in Volume 483, page 694 of the deed records of Guadalupe County, Texas.*

4. Natalie Goad is the daughter of David Goad; she was a minor by statute at the time of the allegations set fourth herein.

5. All exhibit's submitted (attached hereto), or submitted in future pleadings are incorporated into the pleading, motion, or document of which they are attached are incorporated into and made a part of by reference.

- 1 -

FILED

DATE 9-3-14

J.P. PRECINCT #4 SEGUIN
GUADALUPE COUNTY, TEXAS

Exhibit "8"

## FACTS AND ALLEGATIONS

6. P-DG alleges that D-JO has acted in a manor, and/or commanded others (conspired) in violation of clearly established federal law, and Texas State law to violate P-DG's federally protected rights and take his property

7. P-DG alleges: D-JO committed fraud, conspiracy, intentional or deliberate misconduct which subjected P-DG to the deprivation of his federally protected rights. Some of the acts were discretionary, however, others were not, and in no case, conducted in good faith.

8. P-DG alleges D-JO destroyed or otherwise, with or without conspiracy, "sanitized" the files in which all documents supporting the allegations set fourth in this complaint could be found. When "*sanitized*" is noted at the end or within a sentence, it means that document has been removed from D-JO's records and all the tax records of Guadalupe County.

9. D-JO failed to respond to her own Notice of Protest sent to P-DG on January 14, 2008 "*sanitized.*" Furthermore, D-JO failed to address P-DG's response to said notice "*sanitized.*"

10. D-JO failed to provide P-DG a hearing to protest his taxes after she was noticed on August 3, 2009 "*sanitized,*" August 4, 2009 "*sanitized,*" and on May 31, 2013 "*sanitized.*" Thus denying his due process rights.

11. On April 15, 2014, P-DG meet with D-JO at her office to review the documents within the file regarding the subject property based upon an FOIA request See **Exhibit "A".** Not one notice from D-JO or P-DG was found or noted in the documents provided to P-DG that day "*sanitized.*"

12. On April 15, 2014, P-DG explained to D-JO that the property in question was fenced-out in 2008 from all public access and therefore its value went to zero, as the property was landlocked and fenced out by a combination of public officials and others. It was clear during

- 2 -

our conversation that D-JO was aware of the federal litigation (RICO) P-DG had brought against her friends and others.

13. On April 15, 2014, P-DG explained to D-JO that she needed to reevaluate (appraise) the property to reflect the facts due to ongoing litigation over the unpaid taxes. As a result of no action on the part of D-JO, a judgment was issued reflecting false/fraudulent tax evolutions against P-DG and his daughter Natalie. At that time Natalie was 20 years old. A young woman who graduated at 15 years old and at age 19 she graduated from UT Austin with a double major. A young woman that now has a judgment against her because of D-JO.

14. On April 15, 2014, at the request of D-JO, P-DG signed a *"Request for Field Inspection"* See **Exhibit "B"** *in* order that D-JO may enter upon said property for evolution purposes. D-JO did not submit her findings, if any, to alter the Tax case.

15. On April 15, 2014, P-DG provided to D-JO a photograph depicting an aircraft on the subject property with a fence across it. See **Exhibit "C1 & C2**," C2 was created by hand (exact copy of text) due to my email program making it unable to print with the text included (to large).

16. D-JO and others valued the property at the following:

a. $12,500.00 before and after the property had no access (fenced out).

b. Increased to $21,713.00 for 2013.

c. Decreased to $10,956.00 (noted on tax roles) for 2014, however, when P-DG was at D-JO's office on April 15, 2014, the value was noted at under $9,000.00 for 2014? We must take notice that property values all across Texas have risen well in the last year!

## JAMIE OSBORNE HAS NO IMMUNITY WHATSOEVER

17. Government officials performing discretionary functions generally are granted a qualified immunity and "shielded from liability for civil damages insofar as their **conduct does**

- 3 -

**not violate clearly established statutory or constitutional rights** of which a **reasonable person** would have known. *"Harlow v. Fitzgerald* U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

18. Government officials acting within their discretionary authority are immune from civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *"Evett v. Detntff,* 330 F.3d 681, 687 (5th Cir. 2003).

19. To determine whether an official is entitled to qualified immunity, two questions must be answered: (1) whether the plaintiff has alleged a violation of a clearly established constitutional right; and (2) if so, was the defendant's conduct objectively unreasonable in light of clearly established law at the time of the incident. See *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir 1998) (citing *Colston v. Barnhart* (5th Cir. 1997).

20. To overcome a claim of qualified immunity, a plaintiff must establish that the right an official is alleged to have violated was "clearly established." i.e., sufficiently clearly defined that " a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987).

### STATE LAW DOES NOT TRUMP FEDERAL LAW

21. In *Howlet v. Rose* 496 U.S. 356, 375 (1990). "**state** ("including Texas," added by P-DG**) law** may not immunize § 1983 defendants Congress has subjected to liability." Therefore, any failure of P-DG to exhaust remedies under state law, immunities whether governmental or official (state law), or any other state rule or law is void in this case, except of course, court room procedures. The only reason any attorney would attempt to inject Texas State law to gain

immunity in this case, would be to extract attorney fees from the hard working Guadalupe County tax payers. P-DG reserves to later move for sanctions against any attorney who would play/played such a game.

22. The United States Supreme Court in *Gomez v. Toledo* **466 U.S. 635 (1980).** found that §1983 itself requires only two essential allegations: "By the plain terms of §1983, two-and-only two allegations are required in order to state a cause of action under that statute, First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who deprived him of that right acted under color of state or territorial law." and now in *Ashcroft v. Iqbal,* **129 S. Ct 1937 (2009)** §1983 complaints now must contain factual allegations constituting a plausible claim. ,

23. The United States Supreme Court has established that *pro se* complaints are subject to "less stringent standards than formal pleadings drafted by lawyers" and should be liberally construed in the plaintiff's favor, see *Erickson v. Pardus,* **127 S. Ct. 2197, 2200 (2007).**

24. The United States Supreme Court, in *Felder v. Casey* **487 U.S. 131, 138 (1988),** stated in the same breath that while "[n]o one disputes the general and unassailable proposition…that States may establish the rules of procedure governing litigation in their own courts[,]… by the same token, however, where state courts entertain a federally created cause of action, **" the federal right cannot be defeated by the forms of local practice."**(quoting *Brown v. Western Ry.,* **338 U.S. 294, 296 (1949).**

## CONCLUSION

25. D-JO, acts under the color of state law in her acts and in concert with the same or similar acts by many officials from within Guadalupe County (Judge Steel, Judge Kirkendall, Judge Old, Judge Sachtleben (aka The Black Robe Syndicate of Texas), Guadalupe County

District Attorney , Guadalupe County District Clerk, Debi Crow, Guadalupe County Sherriff Zwicke, the altering ("sanitizing") of officials records by court clerks, DA, Sherriff, court reporters etc, etc. and many others) which have deprived P-DG of property, due process rights, and much, much more for the last seven years. These noted issues were all brought on as a result of P-DG filing litigation under RICO against Guadalupe County Officials.

## REQUEST JUDICIAL NOTICE

26. The following cases will prove that powerful Officials from Guadalupe County can trump-up false criminal charges, have an innocent person put in jail, tortured, and do just about anything they want to do to silence P-DG. It is for this reason that P-DG requests judicial notice of said cases as a clear pattern exists. Furthermore, the jury trial in this case will explore the details of these cases to link D-JO conspiracy with others (similar acts) who have the same goal. Please take note of the following cases:

    a. Goad v. Anderson SA08CA0674

    b. Zuehl v. Goad 08-1872-CV

    c. Goad v. Crow SA11CA1056-OG

    d. State of Texas v. Goad 09-0190-CR

    e. State of Texas v. Goad C2008-1461C

    f. Zuehl v. Goad 2010-CI 12496, appeal 04-11-00293-CV

    g. Goad v. Wyatt JSC2-1000

27. Witnesses and evidence to be presented at the upcoming hearing on September 10, 2014, will provide more than ample facts to bring an indictment against D-JO, and others, from even the most discriminating grand jurors.

## LEGAL FRAMEWORK AND STATEMENTS OF FACT

## Violations of U.S. Constitution, 4th and 14th Amendment, Under Title 42 of the United States Code, §1983, and 1985.

28. "Among the civil rights intended to be protected from discriminatory state action by the Fourteenth Amendment are the rights to acquire, enjoy, own and dispose of property. Equality in the enjoyment of property rights was regarded by the framers of the Fourteenth Amendment as an essential precondition to the realization of other basic civil rights and liberties which the Amendment was intended to guarantee. *Conroy v. Manos*, **679 S.W.2d 124, 133 (Tex.App.-5th Dist., 1984).** Rights in property have long been considered basic civil rights which cannot be taken away without just cause and due process.

29. Due Process is that which comports with the deepest notions of what is fair and right and just in law. **U.S. Supreme Court Center,** *see* **http://supreme.justia.com/constitution/amendment-05/16-due-process.html** Due process is violated if a practice or rule "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. *Snyder v. Massachusetts*, 291 U.S. 97, 105 (1934).** Procedural due process requires the government to adhere to its own rules. **United States** *ex rel. Accardi v. Shaughnessy*, **347 U.S. 260, 268, 74 S.Ct. 499, 503, 98 L.Ed. 681 (1954)** and recognize that the constitutional right to be heard is a basic aspect of the duty of government to follow a fair process of decision-making when it acts to deprive a person of his possessions. *Fuentes v. Shevin*, **407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972).**

30. The over assessing of said property was intended to facilitate the taking of that property from the plaintiff. Among the civil rights intended to be protected from discriminatory state action by the Fourteenth Amendment are the rights to acquire, enjoy, own and dispose of property. Equality in the enjoyment of property rights was regarded by the framers of the Fourteenth Amendment as an essential precondition to the realization of other basic civil rights and liberties which the Amendment was intended to guarantee. *Conroy v. Manos*, **679 S.W.2d 124 (Tex.App.-5ᵗʰ Dist., 1984).**Rights in property have long been considered basic civil rights which cannot be taken away without just cause and due process.

31. A cause of action for a violation of the 14ᵗʰ Amendment can come under Title 42 of the U.S. Code, which reads in part:

> **Sec. 1983. Civil action for deprivation of rights**
> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...**42 U.S.C.A. § 1983 (West 1981).**

> **Sec. 1985. Conspiracy to interfere with civil rights**
> "If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws...or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators. **42 U.S.C.A. § 1985 (West 1981).**

32. State judges and state courts are repositories of state power, and state court action may in some cases amount to a deprivation by a state of rights guaranteed by Fourteenth Amendment to the federal constitution. *Gay v. Heller*, **252 F.2d 313 (C.A.5.Fla., 1958).** Congress enacted § 1983 to provide an independent avenue for protection of federal constitutional rights. *Conroy v. Manos,* **fn. 1**. The remedy was considered necessary because state courts were being used to harass and injure individuals, either because the state courts were powerless to stop deprivations or were in league with those who were bent upon abrogation of federally protected rights. *Pulliam v. Allen,* **466 U.S. 522, 104 S.Ct. 1970, 1980, 80 L.Ed.2d 565 (1984)**

## REQUESTS

PLAINTIFF THEREFORE respectfully requests that the Court enter a judgment including, but not limited to:

The costs of actual losses and the maximum amount of damages allowed by the court in which this issue is finally decided, currently not less than $10,000.00.

All attorney's fees and court costs for bringing this Complaint;

All other relief in law and in equity as may be proven at trail; and

Plaintiff requests a jury trial.

Respectfully submitted,

David Goad, Plaintiff *pro se*
1154 Rivertree Drive
New Braunfels, Texas 78130
(830)515-2052

- 9 -

**DAVID GOAD**
**1154 Rivertree Drive**
**New Braunfels, Texas 78130**
**1983remedies@gmail.com**
**830-515-2052**

April 1, 2014

## FREEDOM OF INFORMATION ACT REQUEST

TO:    The County Appraisal District for Guadalupe County
        josborne@guadalupead.org
        Sequin, Texas 78155

Dear Ms. Osborne:

Pursuant to 5 U.S.C. §522 *et seq.,* and Tex. Gov't. Code, Sec. 552.022(a), I hereby make this request that the following be made ***available for inspection***:

This request surrounds the property described as:

Assessed Name:    Goad David Custodian for Kristin G & Natalie H Goad
               1.00 Acre, more or less, out of Abstract 134 of the Jose Flores Survey, Guadalupe County, Texas.

Street:            Windsock

Property ID:      107520

1. This request begins after the purchase date of the current owners which would be after the purchase in mid 2007.

1. Please provide the name of the appraiser(s) who conducted the appraisals on said property for taxation purposes. If more than one appraiser was involved please provide a brief explanation as to the tasks each carried out.

2. Please provide the academic background, training, and appraisal history of each appraiser.

3. Please provide a copy and any licenses, certificates and other which illustrate the appraiser's professional background including, but not limited to the issuing authority and dates issued.

*Exhibit "A"*
*1 of 2*

4. Please provide access to the originals of all hand written or typed notes, photo's, other properties used as comparables, and all data used to appraise said property. It is important that all amenities, condition of, and notation(s) (including pictures) be provided for the comparables.

5. Please provide the sources and dates gathered for all data used in process of appraising said property.

6. Please provide the legal term and the trade term to define the method in which the appraiser followed to conduct his/her evaluation for the appraisal.

7. If any of the requests are withheld please state the nature of the withheld document or other, and under what legal premise you assert the withholding.

You are welcome to contact me with any questions, preferably by email as listed above. In the event this information is held within a computer or even a paper file, I ask that you to provide me a date, time and location in which I can review. In the event I need copies, I will mark each page in an acceptable manner to accomplish this task after review.

If any of these records do not exist please inform me.

Thank You
David Goad


Exhibit "A"
2 of 2

RECEIVED

APR 15 2014

Guadalupe Appraisal District

# GUADALUPE APPRAISAL DISTRICT



| Main Office | Schertz Substation | Board of Directors | Chief Appraiser |
|---|---|---|---|
| 3000 N. Austin St. | 1101 Elbel Rd. | Dr. Greg Gilcrease–Chair | Jamie Osborne |
| Seguin, Texas 78155 | Schertz, Texas 78154 | Mrs. Tavie Murphy–Vice-Chair | |
| 830.303.3313 | 210.945.9708 Ext. 202 | Mr. Mark Wilson–Secretary | Deputy Chief Appraiser |
| 830.372.2874 (Fax) | 210.566.1334 (Fax) | Mr. Darren Dunn- Member | Erich Sirey |
| gadprotest@guadalupead.org | | Mr. Louis R. Ramirez, Sr.–Member | |

## REQUEST FOR FIELD INSPECTION

The Guadalupe Appraisal District (G.A.D.) requests your consent as legal owner or authorized agent to inspect property identification #:_____. Acknowledgment below indicates that you are aware of this request for field inspection, and hereby have authority and grant authority to the Guadalupe Appraisal District Chief Appraiser or Chief Appraiser's designee to field inspect the above referenced property for the current January 1st appraisal date for the limited purpose and scope as outlined in §6.01 and §23.01 of the Texas Tax Code, Texas Constitution Article VIII, §1. and 34 Texas Administrative Code, §9.3001.

Please be advised that if request for inspection is granted this inspection will occur after the date indicated below.

☑ Consent for field inspection is granted this the _15th_ day of _April_, 20_14_.

☐ No consent for field inspection is granted.

_____
Signature of Legal Owner or Authorized Agent-License#

_830-515-2057_
Phone Number

_DAVID GOAD_
Printed Name of Legal Owner or Authorized Agent

Acknowledgment of above noted designation:

_____
G.A.D. Representative

_Exhibit "B"_



Exhibit "C"_1

To: Jamie Osboene
josboRNE@guadalupead.org

4/15/2014



Hola,
attached please find the photo I spoke of.
I wish to memorialize your statements (ap 15, 2014)
wherein your office has no correspondence(s) from myself on the
Guadalupe County Attorney regarding the valuation(s) of the Goal
property at Zuehl Airfield.
THANK YOU
DAVID GOAD

Exhibit "C2"

---

# LOCAL RULES OF PRACTICE

# AND PROCEDURE

---

## 25TH, 2ND 25TH, and 274th Judicial Districts of Texas

### Guadalupe County

---

The Honorable Dwight Peschel
The Honorable W.C. Kirkendall
The Honorable Gary Steel
Judges Presiding

2005

*Exhibit "9"*

# ORDER ADOPTING RULES OF THE

# 25<sup>TH,</sup> 2ND 25<sup>TH and</sup> 274th JUDICIAL DISTRICTS OF TEXAS

# FOR GUADALUPE COUNTY

It is Ordered by the 25th, 2nd 25th and 274th Judicial District Courts of Texas that:

1. The 25th, 2nd 25th and 274th Judicial District Local Rules of Practice and Procedure for Guadalupe County as hereinafter set out are hereby adopted subject to the approval of the Supreme Court of Texas and the Council of Judges of the Third Administrative Judicial Region of Texas.

2. The Clerks of the Courts in Guadalupe County shall record the Rules of Practice and Procedure and this Order in the Minutes of the Court;

3. A copy of these rules and this order shall be furnished to the Supreme Court of Texas, the Courts of Appeals for the 4th District of Texas and the Presiding Judge of the Third Administrative Region of Texas;

4. Each Clerk of the Courts shall deliver to each lawyer maintaining an office within the county each Clerk serves a copy of these local rules, a copy shall further be furnished by the Clerk to each lawyer and *pro se* party appearing in any civil action in this Court. Each Clerk shall keep a current record of such delivery, the date thereof, and make such record available for inspection.

5. These Rules of Practice and Procedure, as may hereafter be amended, shall be construed and interpreted in addition to, and in conformity with and not as

superseding the Constitution and laws of the State of Texas, the Texas Rules of Civil Procedure, rules adopted by the Council of Judges of the Third Administrative Judicial Region or rules promulgated by the Supreme Court of Texas.

6. Should any of these rules, or any part thereof, or any amendments thereto, be held invalid for any reason, such invalidity shall not affect the validity of the other rules or parts of rules, all of which have been separately considered and adopted.

7. These rules shall be effective on the date this Order is signed and thereafter until amended, modified or repealed by the order of these Courts.

**Signed, Ordered and Effective this the _27_ day of _October_, 2005.**


_____
25th Judicial District Judge

_____
2nd 25th Judicial District Judge

_____
274th Judicial District Judge

# Local Rules of Practice for the 25th , 2nd 25th and 274th Judicial District Courts of Texas in Guadalupe County

The dockets of the 25th , 2nd 25th and 274th District Courts of Guadalupe County are to be held in accordance with schedules published annually which may be obtained from the office of either judge or from the office of the district clerks.

Any case filed in the 25th , 2nd 25th or 274th Judicial District Courts may be heard in either Court without transfer or further order except:

1. A family case involving custody of a child, if contested temporary orders are heard, must be set thereafter in the Court hearing said temporary orders;

2. Any motion to modify custody must be heard in the Court issuing the order to be modified if that Court heard contested hearings in making the original order;

3. Any case in which judge is disqualified or recused must be heard only in the other Court; and

4. Any other case where the Court orders the case to a particular judge.

In all proceedings in these Courts, the Texas Lawyers Creed will be observed.

# Civil and Family Cases

## 1. Settings

**1.1.** All hearings in contested cases must be set by written motion with order attached and with an estimated time for the hearing. Attorneys requesting settings are responsible for notifying opposing parties within the time constraints of the Rule of Civil Procedure. No Court will notify a party of a setting except in the case of a request for a setting by a *pro se* litigant.

**1.2.** Only a court coordinator may set a case. Either the court coordinator for the 25th, the 2nd 25th or the 274th Judicial District may set cases on any of the courts' dockets, subject to the approval of the coordinator of the Court receiving the case .

**1.3.** All motions for continuance must be in accordance with Articles 29.01 *et seq.*, C.C.P. and Rules 251 *et seq.*, T.R.C.P. With the approval of the court coordinator, a contested case may be set of passed by the agreement of all counsel; however the mere filing of a motion for continuance does not mean that the continuance will be granted, even with the agreement of all parties. Unless released in writing by the court coordinator, counsel must appear as scheduled.

**1.4.** Prior to setting any cases for any hearing, counsel must call the court coordinator to obtain available hearing dates. Counsel must then contact opposing counsel to insure the date is agreeable to all counsel. Once a date is agreed, counsel may

CAUSE NO. JSC4-4995

| DAVID GOAD, PLAINTIFF. | § § § | IN THE JUSTICE COURT |
|---|---|---|
| VS. | § § | PRECINCT NO. 4 |
| JAMIE OSBORNE, DEFENDANT. | § § § | GUADALUPE COUNTY, TEXAS |

### AFFIDAVIT OF JAMIE OSBORNE

STATE OF TEXAS       §

COUNTY OF GUADALUPE       §

Before me, the undersigned notary, on this day personally appeared Jamie Osborne, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

1. "My name is Jamie Osborne. I am over 18 years old. I am of sound mind and capable of making this affidavit. The facts stated in this affidavit are true and correct and within my personal knowledge.

2. The Guadalupe Appraisal District (hereinafter the "District") is responsible for appraising property in Guadalupe County for ad valorem tax purposes of each taxing unit that imposes ad valorem taxes in the district.

3. The District is governed by its board of directors, who are district residents. The District's board of directors appointed me as Chief appraiser in August of 2006. Among my duties as the chief appraiser is the annual preparation of appraisal records listing all property taxable in Guadalupe County and stating the appraised value of each.

4. The District's mission is to discover, list and appraise property as accurately, ethically and impartially as possible to estimate the market value of all property within Guadalupe County, Texas. The District must make sure that each taxpayer is given the same consideration,

Page 1 of 4

Exhibit "10"

information, and assistance as the next. The Constitution of the State of Texas, the Texas Tax Code, and the Rules of the Comptroller's Office govern the District's operations and practices of its appraisers. The District and its appraisers also must comport with the standards of the Property Tax Assistance Division of the Comptroller's Office and the Uniform Standards of Professional Appraisal Practice (USPAP).

5. I am also a Property Tax Professional, registered with the Texas Department of Licensing and Regulation. As such, I am regulated and adhere to statutes and rules that govern my practice and that promote the highest standards of professionalism and ethics.

6. Generally, taxable property is appraised at its market value as of January 1. The property's value can never be more than its fair cash market value.

7. The market value of property shall be determined by the application of generally accepted appraisal methods and techniques. Further, each property must be appraised based upon the individual characteristics that affect the property's market value and all available evidence that is specific to the value of the property shall be taken into account in determining the property's market value. Finally, in determining what the market value of a property is, three approaches to value must be considered: (1) the cost; (2) income; and (3) sales comparison. The most appropriate method must be used.

8. The District determines the appraised value of property using mass appraisal standards that comply with USPAP.

9. The District adhered to generally accepted methods for appraisal methods and techniques to value the property that is the subject of this lawsuit.

10. The chief appraiser, if required by law, provides property owners with notices of the appraised and market values of their property. Given that it has personal liability for property

taxes, a property owner may protest, among other matters, a determination of the appraised value of the owner's property.

11. The District provided the Plaintiff, Mr. Goad, with all notices of the appraised and market values of the property made the basis of this lawsuit.

12. If a property owner in Guadalupe County is dissatisfied in any way with the value or an action taken by the chief appraiser in a current tax year, the property owner may protest. The property owner initiates the protest by filing a written notice with the appraisal review board.

13. After the filing of a notice of protest, the appraisal review board holds a hearing and must timely notify the protesting party.

14. Once it has reached a decision on the protest, the appraisal review board must issue a written order embodying its decision.

15. Within 60 days of its having received notice of a final, appealable order by the appraisal review board on its protest, the protesting party may seek judicial review of that order by filing suit in district court.

16. Every individual tax year, the Plaintiff, Mr. Goad, has had an opportunity to protest actions taken by the District or the chief appraiser, present evidence and argument, and be heard by the Guadalupe County Appraisal Review Board. As a result of this lawsuit, the District considered Mr. Goad to have filed a late protest of the property's 2014, appraised value. An appraisal review board hearing was scheduled and convened. Mr. Goad, had notice of the hearing but did not attend and his protest was dismissed. Prior to 2014, Mr. Goad had not filed any protests of the appraised value of the property made the basis of this lawsuit with the appraisal review board.

17. The actions that were taken by the District regarding the property that is at issue in this lawsuit comport with the Constitution of the State of Texas, the Texas Tax Code, the Rules of the Comptroller's Office and with the standards of the Property Tax Assistance Division of the Comptroller's Office, and the Uniform Standards of Professional Appraisal Practice (USPAP).

18. The District's actions regarding the property at issue in this lawsuit and my interactions with the Plaintiff, Mr. Goad, have comported with the highest standards of professionalism and ethics.

19. The District has treated the Plaintiff, Mr. Goad, and the property at issue in this lawsuit fairly and as any other property owner or property in Guadalupe County, Texas.

20. The District's actions regarding the property at issue in this lawsuit and interactions with the Plaintiff, Mr. Goad, have not been arbitrary or capricious."


Further Affiant Sayeth Not.




Jamie Osborne

Sworn to and subscribed before me by Jamie Osborne on August 15, 2014.

YOLANDA SAENZ
Notary Public, State of Texas
My Commission Expires
December 14, 2015

Yolanda Saenz
Notary Public, State of Texas.


Page 4 of 4

GUADALUPE
APPRAISAL DISTRICT
3000 N. AUSTIN
SEGUIN, TX 78155

In Case this Exhibit is
copied in Black & White
the Mates # is 8376930
and the date is: Jan 14,07
The year is incorrect and mailed
in 2008 PB

Ruman
Jan 24, 08

Mr. David C. Nagel
1154 River Tree Drive
New Braunfels, Texas 78130

Exhibit "11"

Comptroller of Public Accounts  50-132 (Rev. 2-98/3)
[41.44 (12/89) Rule 9.801]

# PROPERTY TAX - NOTICE OF PROTEST

| Appraisal district name | Phone (Area code and number) |
|---|---|
| GUADALUPE APPRAISAL DISTRICT | 830 372 2871 |

Address

GUADALUPE APPRAISAL DISTRICT SEGUIN, TX 78155

**INSTRUCTIONS:** If you want the appraisal review board to hear and decide your case, you must file a written notice of protest with the appraisal review board (ARB) for the appraisal district that took the action you want to protest. If you are leasing the property subject to the protest, you must have a contact requiring you to pay the property taxes on the property.

**FILING DEADLINES:** The usual deadline for filing your notice (having it postmarked if you mail it) is midnight, May 31.

A different deadline will apply to you if:
- your notice of appraised value was delivered to you after May 2;
- your protest concerns a change in the use of agricultural, open-space or timber land;
- the ARB made a change to the appraisal records that adversely affects you and you received notice of the change;
- the appraisal district or the ARB was required by law to send you notice about a property and did not; or
- you had good cause for missing the May 31 protest filing deadline.

Contact the appraisal district for your specific protest filing deadline. The ARB will determine if good cause exists for missing a deadline. Good cause means that something beyond your control, such as a medical emergency, prevented you from meeting the deadline.

**WEEKENDS, HOLIDAYS:** If your deadline falls on a Saturday, Sunday or other legal holiday, i

| | | |
|---|---|---|
| **Step 1:** Owner's or lessee's name and address | Owner's or lessee's full name <br> SHEESLEY JOHN <br><br> Owner's or lessee's present mailing address (number and street) <br> 208 MORTON <br><br> City, town or post office, state, ZIP code <br> SAN ANTONIO, TX 78209 | *Please mail back to our office ASAP so we can put in your file. Returned envelope is enclosed. Thanks.* |
| **Step 2:** Describe property under protest | Give street address and city if different from above, or legal description <br> ABS: 134 SUR: JOSE FLORES 1.000 AC. <br><br> Appraisal district account number (optional) <br> Property ID: 107520    GEO ID: 2G0134-0000 <br><br> Mobile homes: (Give make, model and identification number) | |

**Step 3: Check reasons for your protest**

- ☐ Value is over market value
- ☐ Owner's name is incorrect.
- ☐ Property should not be taxed in
  _____
  (name of taxing unit)
- ☐ Failure to send required notice.
  _____
  (type)
- ☐ Other: _____

- ☐ Change in use of land appraised as ag-use, open-space or timber land
- ☐ Ag-use, open-space or other special appraisal was denied, modified or cancelled
- ☐ Value is unequal compared with other properties.
- ☐ Property description is incorrect.
- ☐ Property should not be taxed in this appraisal district or in one or more taxing units.

**Step 4: Give facts that may help resolve your case (continue on additional page if needed)**

_____
_____
_____

What do you think your property's value is? (Optional) $ _____

**Step 5: Check to receive ARB hearing procedures**

I want the ARB to send me a copy of its hearing procedures.

☐ Yes    ☐ No *

* If your protest goes to a hearing, you will automatically receive a copy of the ARB hearing procedures.

**Step 6: Sign the application**

Signature    Date
sign here ➡

Exhibit "12"

True Automation, Inc.

County of Guadalupe                    Guadalupe Appraisal District
State of Texas                         Appraisal Review Board


# MOTION TO CORRECT
# ONE-THIRD OVER-APPRAISAL ERROR


Movant **SHEESLEY JOHN** ,owner of property described as **ABS: 134 SUR: JOSE FLORES 1.000 AC.,**
parcel number **2G0134-0000-01105-0-00**, brings this motion for a hearing to correct a one-third over-appraisal error regarding the described property on the appraisal roll certified by this Appraisal Review Board on July 18, 2007.

Movant states that the property taxes due for the 2007 tax year have not become delinquent, and the movant property owner has complied with the provisions of Sec. 42.08 of the Texas Property Code and has not forfeited the right to appeal for non-payment of taxes.

Movant states that the property described above is located within the Guadalupe Appraisal District. Further, movant states that the property described above is located within the taxing units listed below:


**CAD, GCO, LTR, MAS**

*Please mail Back to our office*

Movant states the one-third over-appraisal error is as follows:

____    Appraisal value of **$12,500** is at least one-third over actual market value.
____    Actual market value of property is $_____.


Movant makes this motion pursuant to Sec. 25.25 (d) and (e), Texas Property Tax Code, and requests that the Appraisal Reviews Board schedule a hearing to determine whether to correct the error. Movant requests that the Appraisal Review Board send notice of the time, date and place fixed for the hearing, not later that 15 days before the scheduled hearing, to the presiding officer of the governing body of each taxing unit where the property is located.


Respectfully submitted,


_____    Date _____
Movant

Comptroller 50-132 (Rev. 2-98/3)
of Public [41.44 (12/89) Rule 9.801]
Accounts

# PROPERTY TAX - NOTICE OF PROTEST

| Appraisal district name | Phone *(Area code and number)* |
|---|---|
| GUADALUPE APPRAISAL DISTRICT | 830 372 2871 |

**Address**

GUADALUPE APPRAISAL DISTRICT SEGUIN, TX 78155

**INSTRUCTIONS:** If you want the appraisal review board to hear and decide your case, you must file a written notice of protest with the appraisal review board (ARB) for the appraisal district that took the action you want to protest. If you are leasing the property subject to the protest, you must have a contact requiring you to pay the property taxes on the property.

**FILING DEADLINES:** The usual deadline for filing your notice *(having it postmarked if you mail it)* is midnight, May 31.

A different deadline will apply to you if:
- your notice of appraised value was delivered to you after May 2;
- your protest concerns a change in the use of agricultural, open-space or timber land;
- the ARB made a change to the appraisal records that adversely affects you and you received notice of the change;
- the appraisal district or the ARB was required by law to send you notice about a property and did not; or
- you had good cause for missing the May 31 protest filing deadline.

Contact the appraisal district for your specific protest filing deadline. The ARB will determine if good cause exists for missing a deadline. Good cause means that something beyond your control, such as a medical emergency, prevented you from meeting the deadline.

**WEEKENDS, HOLIDAYS:** If your deadline falls on a Saturday, Sunday or other legal holiday, it is postponed until midnight of the next working day.

| **Step 1:** Owner's or lessee's name and address | Owner's or lessee's full name<br>SHEESLEY JOHN | Contact | |
|---|---|---|---|
| | Owner's or lessee's present mailing address *(number and street)*<br>208 MORTON | Hm. Phone *(area code and number)* | |
| | City, town or post office, state, ZIP code<br>SAN ANTONIO, TX 78209 | Bus. Phone *(area code and number)* | |

| **Step 2:** Describe property under protest | Give street address and city if different from above, or legal description if no street address<br>ABS: 134 SUR: JOSE FLORES 1.000 AC. |
|---|---|
| | Appraisal district account number *(optional)*<br>Property ID: 107520    GEO ID: 2G0134-0000-01105-0-00 |
| | Mobile homes: *(Give make, model and identification number)* |

| **Step 3:** Check reasons for your protest |
|---|

☐ Value is over market value

☐ Owner's name is incorrect.

☐ Property should not be taxed in

_____
*(name of taxing unit)*

☐ Failure to send required notice.

_____
*(type)*

☐ Other: ._____

☐ Exemption was denied, modified or cancelled.

☐ Change in use of land appraised as ag-use, open-space or timber land

☐ Ag-use, open-space or other special appraisal was denied, modified or cancelled

☐ Value is unequal compared with other properties.

☐ Property description is incorrect.

☐ Property should not be taxed in this appraisal district or in one or more taxing units.

| **Step 4:** Give facts that may help resolve your case (continue on additional page if needed) | _____<br><br>_____ |
|---|---|
| | What do you think your property's value is? *(Optional)* $ _____ |

| **Step 5:** Check to receive ARB hearing procedures | I want the ARB to send me a copy of its hearing procedures.<br><br>☐ Yes    ☐ No *<br><br>* If your protest goes to a hearing, you will automatically receive a copy of the ARB's hearing procedures |
|---|---|

| **Step 6:** Sign the application | Signature<br>sign here ➡ | Date |
|---|---|---|

True Automation, Inc.

County of Guadalupe
State of Texas

Guadalupe Appraisal District
Appraisal Review Board

# MOTION TO CORRECT
# ONE-THIRD OVER-APPRAISAL ERROR

Movant **SHEESLEY JOHN** ,owner of property described as **ABS: 134 SUR: JOSE FLORES 1.000 AC.,**
parcel number **2G0134-0000-01105-0-00**, brings this motion for a hearing to correct a one-third over-appraisal error regarding the described property on the appraisal roll certified by this Appraisal Review Board on July 18, 2007.

Movant states that the property taxes due for the 2007 tax year have not become delinquent, and the movant property owner has complied with the provisions of Sec. 42.08 of the Texas Property Code and has not forfeited the right to appeal for non-payment of taxes.

Movant states that the property described above is located within the Guadalupe Appraisal District. Further, movant states that the property described above is located within the taxing units listed below:

**CAD, GCO, LTR, MAS**

Movant states the one-third over-appraisal error is as follows:

____ Appraisal value of **$12,500.**is at least one-third over actual market value.
____ Actual market value of property is $_____.

Movant makes this motion pursuant to Sec. 25.25 (d) and (e), Texas Property Tax Code, and requests that the Appraisal Reviews Board schedule a hearing to determine whether to correct the error. Movant requests that the Appraisal Review Board send notice of the time, date and place fixed for the hearing, not later that 15 days before the scheduled hearing, to the presiding officer of the governing body of each taxing unit where the property is located.

Respectfully submitted,

_____     Date _____
Movant

# Guadalupe Appraisal District

Paul Soto
*Chairman*
Cecil Schulze
*Vice Chairman*
Sylvia Schlather
*Secretary*
Greg Gilcrease
*Member*
Tavie Murphy
*Member*

Main Location
3000 N. Austin Street
Seguin, Texas 78155
830.303.3313
830.372.2874 Fax

Schertz Substation
1101 Elbel Rd.
Schertz, Texas 78154
210.945.9708 ext. 202
210.566.1334 Fax

Jamie Osborne
*Chief Appraiser*

01/14/08

# NOTICE OF HEARING
# 1/3 OVER-APPRAISAL SEC. 25.25 (d)

**TAXING JURISDICTIONS:**

CAD, GCO, LTR, MAS

RE:   **Account Number** :2G0134-0000-01105-0-00
      **Legal Description** :ABS: 134 SUR: JOSE FLORES 1.000 AC.

A hearing for 1/3 Over-Appraisal has been scheduled on the above referenced property.

> **Date** :02/12/2008
> **Time** :1:00PM- 1:20PM
> **Place** : **Guadalupe Appraisal District**
>          **3000 N. Austin St.**
>          **Seguin, TX 78155**

Per Section 25.25(e) of the Texas Property Tax Code, each taxing unit is entitled to present evidence and argument at the hearing and to receive written notice of the board's determination.

Respectfully Submitted,

*Kathryn Vermillion /SLee*
Kathryn Vermillion, Secretary
Appraisal Review Board

# Guadalupe Appraisal District

Paul Soto
*Chairman*
Cecil Schulze
*Vice Chairman*
Sylvia Schlather
*Secretary*
Greg Gilcrease
*Member*
Tavie Murphy
*Member*

Main Location
3000 N. Austin Street
Seguin, Texas 78155
830.303.3313
830.372.2874 Fax

Schertz Substation
1101 Elbel Rd.
Schertz, Texas 78154
210.945.9708 ext. 202
210.566.1334 Fax

Jamie Osborne
*Chief Appraiser*

*01/14/08*

Dear Property Owner,

The Appraisal Review Board packet includes your **NOTICE OF PROTEST HEARING**, which gives the time and date of your Appraisal Review Board hearing. It includes a copy of the **"RIGHTS, REMEDIES, AND RESPONSIBILITIES"** publication promulgated by the Comptroller of Public Accounts, and a copy of the **GUADALUPE APPRAISAL REVIEW BOARD HEARING PROCEDURES** adopted by the Appraisal Review Board.

You may inspect and or obtain a copy of the data/information, which will be introduced at the Appraisal Review Board hearing. You may also obtain a copy of the appraisal card for your property at no charge. The charge for copies of additional information will be the normal charge for that type of data, not to exceed $15.00 for each residence, or $25.00 for each other type of property.

David Bond
1154 Rivertree Dr
New Braunfels, Tx 78130

Guadalupe Appraisal District
3000 N Austin
Seguin, Tx 78155

On Jan 28, 08 I received the attached. Please understand that I cannot be ready for a hearing in less than two weeks notice.

Also, you have John Sheasley as owner, he is no longer the owner.

Thank you,

David Bond

Exhibit "13"

Comptroller 50-132 (Rev. 2-98/3)
of Public
Accounts [41.44 (12/89) Rule 9.801]

# PROPERTY TAX - NOTICE OF PROTEST

| Appraisal district name | Phone *(Area code and number)* |
|---|---|
| GUADALUPE APPRAISAL DISTRICT | 830 372 2871 |

**Address**

GUADALUPE APPRAISAL DISTRICT SEGUIN, TX 78155

**INSTRUCTIONS:** If you want the appraisal review board to hear and decide your case, you must file a written notice of protest with the appraisal review board (ARB) for the appraisal district that took the action you want to protest. If you are leasing the property subject to the protest, you must have a contact requiring you to pay the property taxes on the property.

**FILING DEADLINES:** The usual deadline for filing your notice *(having it postmarked if you mail it)* is midnight, May 31.

A different deadline will apply to you if:
- your notice of appraised value was delivered to you after May 2;
- your protest concerns a change in the use of agricultural, open-space or timber land;
- the ARB made a change to the appraisal records that adversely affects you and you received notice of the change;
- the appraisal district or the ARB was required by law to send you notice about a property and did not; or
- you had good cause for missing the May 31 protest filing deadline.

Contact the appraisal district for your specific protest filing deadline. The ARB will determine if good cause exists for missing a deadline. Good cause means that something beyond your control, such as a medical emergency, prevented you from meeting the deadline.

**WEEKENDS, HOLIDAYS:** If your deadline falls on a Saturday, Sunday or other legal holiday, it is postponed until midnight of the next working day.

| **Step 1:** **Owner's or lessee's name and address** | Owner's or lessee's full name | | Contact | |
|---|---|---|---|---|
| | SHEESLEY JOHN | | | |
| | Owner's or lessee's present mailing address *(number and street)* | | Hm. Phone *(area code and number)* | |
| | 208 MORTON | | | |
| | City, town or post office, state, ZIP code | | Bus. Phone *(area code and number)* | |
| | SAN ANTONIO, TX 78209 | | | |

**Step 2: Describe property under protest**

Give street address and city if different from above, or legal description if no street address

ABS: 134 SUR: JOSE FLORES 1.000 AC.

Appraisal district account number *(optional)*

Property ID: 107520     GEO ID: 2G0134-0000-01105-0-00

Mobile homes: *(Give make, model and identification number)*

**Step 3: Check reasons for your protest**

- ☐ Value is over market value
- ☐ Owner's name is incorrect.
- ☐ Property should not be taxed in
  _____
  *(name of taxing unit)*
- ☐ Failure to send required notice.
  _____
  *(type)*
- ☐ Other: _____

- ☐ Exemption was denied, modified or cancelled.
- ☐ Change in use of land appraised as ag-use, open-space or timber land
- ☐ Ag-use, open-space or other special appraisal was denied, modified or cancelled
- ☐ Value is unequal compared with other properties.
- ☐ Property description is incorrect.
- ☐ Property should not be taxed in this appraisal district or in one or more taxing units.

**Step 4: Give facts that may help resolve your case (continue on additional page if needed)**

_____

_____

What do you think your property's value is? *(Optional)* $ _____

**Step 5: Check to receive ARB hearing procedures**

I want the ARB to send me a copy of its hearing procedures.

☐ Yes     ☐ No *

\* If your protest goes to a hearing, you will automatically receive a copy of the ARB's hearing procedures

| **Step 6:** **Sign the application** | Signature | Date |
|---|---|---|
| | sign here ➡ | |

True Automation, Inc.

County of Guadalupe
State of Texas

Guadalupe Appraisal District
Appraisal Review Board

# MOTION TO CORRECT
# ONE-THIRD OVER-APPRAISAL ERROR

Movant **SHEESLEY JOHN** ,owner of property described as **ABS: 134 SUR: JOSE FLORES 1.000 AC.,**
parcel number **2G0134-0000-01105-0-00**, brings this motion for a hearing to correct a one-third over-appraisal error regarding the described property on the appraisal roll certified by this Appraisal Review Board on July 18, 2007.

Movant states that the property taxes due for the 2007 tax year have not become delinquent, and the movant property owner has complied with the provisions of Sec. 42.08 of the Texas Property Code and has not forfeited the right to appeal for non-payment of taxes.

Movant states that the property described above is located within the Guadalupe Appraisal District. Further, movant states that the property described above is located within the taxing units listed below:

**CAD, GCO, LTR, MAS**

Movant states the one-third over-appraisal error is as follows:

____    Appraisal value of **$12,500.**is at least one-third over actual market value.
____    Actual market value of property is $_____.

Movant makes this motion pursuant to Sec. 25.25 (d) and (e), Texas Property Tax Code, and requests that the Appraisal Reviews Board schedule a hearing to determine whether to correct the error. Movant requests that the Appraisal Review Board send notice of the time, date and place fixed for the hearing, not later that 15 days before the scheduled hearing, to the presiding officer of the governing body of each taxing unit where the property is located.

Respectfully submitted,

_____     Date _____
Movant

# Guadalupe Appraisal District

Paul Soto
*Chairman*
Cecil Schulze
*Vice Chairman*
Sylvia Schlather
*Secretary*
Greg Gilcrease
*Member*
Tavie Murphy
*Member*

Main Location
3000 N. Austin Street
Seguin, Texas 78155
830.303.3313
830.372.2874 Fax

Schertz Substation
1101 Elbel Rd.
Schertz, Texas 78154
210.945.9708 ext. 202
210.566.1334 Fax

Jamie Osborne
*Chief Appraiser*

01/14/08

# NOTICE OF HEARING
# 1/3 OVER-APPRAISAL SEC. 25.25 (d)

**TAXING JURISDICTIONS:**

CAD, GCO, LTR, MAS

RE: **Account Number** :2G0134-0000-01105-0-00
**Legal Description** :ABS: 134 SUR: JOSE FLORES 1.000 AC.

A hearing for 1/3 Over-Appraisal has been scheduled on the above referenced property.

> Date :02/12/2008
> Time :1:00PM- 1:20PM
> Place : **Guadalupe Appraisal District**
> **3000 N. Austin St.**
> **Seguin, TX 78155**

Per Section 25.25(e) of the Texas Property Tax Code, each taxing unit is entitled to present evidence and argument at the hearing and to receive written notice of the board's determination.

Respectfully Submitted,

Kathryn Vermillion, Secretary
Appraisal Review Board

# DAVID GOAD
## 1154 RIVERTREE DRIVE
## NEW BRAUNFELS, TEXAS 78130
### 830-515-2052

August 3, 2009

Guadalupe County Tax Office
P. O. Drawer 70
Seguin, Tx. 78155-0070

*[handwritten, diagonal: was forwarded to place Jamie Osborne's office (Tax Assessor) as per Tavie Murphy. July 9, 2014. @ 2.15 p.m. "I got a few Letters and Notices for you"]*

Re:     Goad, David C.
        Custodian for ;Kristin G. & Natalie H. Goad
        Account No. R146794
        ABS: 134 Sur. Jose Flores 1.000 Ac.

To Whom It May Concern:

Please be advised that Guadalupe County Sheriff's Officers stood guard while a fence was erected, permanently blocking access to the property. My inability to access the property renders the property useless/valueless. Federal litigation is pending with regard to these issues.

Please direct the tax bill to Robert Etlinger, Assistant Guadalupe County Attorney, for payment.

Sincerely,

_David Goad_
David Goad

_Aug 3, 09_
Date

I certify that on August 3, 2009 I deposited this letter in an official depository of the United States Postal Service, properly posted by first class mail.

_Aug. 3, 2009_

_Sandi Spurgeon_
Sandi Spurgeon

*Exhibit "14"*

Dubio GoRO
1154 River aris Rn
New Braunfels, Tx 78130

8/4/09

Guadalupe Tax Office
P.O. Drawer 70
Seguin, Texas 78155

R146794

Please be advised that along with the letter yesterday I
wish to protest the value placed on this I may parcel

Thank you

Darrel Gord

Exhibit "15"

**Jamie Osborne**

| | |
|---|---|
| **From:** | 1983remedies@gmail.com |
| **Sent:** | Tuesday, April 15, 2014 11:04 AM |
| **To:** | Jamie Osborne |
| **Subject:** | Goad property photo |
| **Attachments:** | Document (3).jpg |

Hola,
Attached please find the photo I spoke of.

I wish to memorialize your statements (April 15, 2014) wherein your office has no correspondence(s) from myself or the Guadalupe County Attorney regarding the valuation(s) of the Goad property at Zuehl Airfield.

Thank You
David Goad

1

*Exhibit "16"*

**Subject:** Sanitized file
**From:** 1983remedies@gmail.com
**Date:** 5/6/2014 11:49 AM
**To:** Jamie Osborne <josborne@guadalupead.org>

I figured that someone in your office sanitized the file. Don't worry, I'm well documented.

Thank You
David Goad

On 5/5/2014 4:09 PM, Jamie Osborne wrote:

> Mr. Goad,
>
> Hello. I hope this finds you well. Attached are documents related to your request.
>
> Thank you for your time and effort in this regard. Should there be any other items that our office may further assist with, please advise.
>
> Sincerely,
> *Jamie Osborne, R.P.A.*
> *Chief Appraiser*
> *Guadalupe Appraisal District*
> *3000 N. Austin Street*
> *Seguin, Texas 78155*
> *830.303.3313*
> *www.guadalupead.org*
> **Customer Service Survey-Please click the link below and tell me how I am doing? Please place my name or email address in the survey.**
>
> **http://www.surveymonkey.com/s/6DMXH9L**
>
> CONFIDENTIALITY STATEMENT
> This transmission is intended only for the persons or entities to which it is addressed. The information transmitted herein may be(1) proprietary or strictly confidential material, (2) be subject to the Attorney-Client Privilege, or (3) an attorney work product. Review, reproduction, retransmission, distribution, disclosure or any other use, and any consequent action taken by persons or entities other than the intended recipients, are prohibited and may be unlawful. If you have received this in error, please contact the sender only and delete and destroy all forms of this communication (electronic and paper). Unauthorized interception of the email is a violation of federal criminal law. Although reasonable precautions have been taken to ensure that no viruses are present, the Guadalupe Appraisal District, makes no warranty or guaranty with respect thereto, and is not responsible for any loss or damage arising from the receipt or use of this e-mail or attachments hereto.
> Please be advised that the Guadalupe Appraisal District does have an Email policy that includes monitoring and may include printing out and reading all email leaving, entering, or stored in these systems.

*Exhibit "17"*

# PROPERTY TAX - NOTICE OF PROTEST - 2013

| Appraisal district name | Phone (Area code and number) |
|---|---|
| GUADALUPE APPRAISAL DISTRICT | 830 372 2871  830 303 3313 |

**Address**
3000 N AUSTIN STREET  SEGUIN, TX 78155

This document must be filed with the appraisal review board (ARB) for the appraisal district that took the action(s) you want to protest. It must not be filed with the office of the Texas Comptroller of Public Accounts.

**GENERAL INSTRUCTIONS:** Pursuant to Tax Code Section 41.41, a property owner has the right to protest certain actions taken by the appraisal district. This form is for use by a property owner or designated agent who would like the ARB to hear and decide a protest. If you are leasing the property, you are subject to the limitations set forth in Tax Code Section 41.413.

**FILING DEADLINES:** The usual deadline for filing your notice is midnight, May 31.
A different deadline will apply to you if:
- your notice of appraised value was delivered after May 2;
- your protest concerns a change in the use of agricultural, open-space or timber land.
- the ARB made a change to the appraisal records that adversely affects you and you received notice of the change.
- the appraisal district or the ARB was required by law to send you notice about a property and did not, or
- in certain limited circumstances, you had good cause for missing the May 31 protest filing deadline.

Your specific protest filing deadline is printed on the appraisal notice.

**ASSISTANCE:** The Comptroller's office may not advise a property owner, a property owner's agent, or the chief appraiser or another employee of an appraisal district on a matter that the Comptroller's office knows is the subject of a protest to the ARB.

State the Year(s) for Which You are Protesting: _____
Tax Year(s)

| Step 1: Owner's or lessee's name and address | Owner's or lessee's first name & initial | | Last Name |
|---|---|---|---|
| | GOAD DAVID | | |
| | Owner's or lessee's current mailing address (number & street, city, town or post office, state, zip code) | | |
| | CUSTODIAN FOR NATALIE H GOAD  1154 RIVERTREE DR  NEW BRAUNFELS, TX  78130 | | |
| | Daytime Phone (area code and number) | Evening Phone (area code and number) | |

| Step 2: Describe property under protest | Give street address and city if different from above, or legal description if no street address |
|---|---|
| | WINDSOCK TX - ABS: 134 SUR: JOSE FLORES 1.000 AC. |
| | Appraisal district account number (optional) |
| | Property ID: 107520  Geo ID: 2G0134-0000-01105-0-00 |
| | Mobile homes: (Give make, model and identification number) |

Failure to check a box may result in your inability to protest an issue. If you check 'Value is over market value', you are indicating that the appraised value is excessive and your property would not sell for the amount determined by the appraisal district. If you check 'Value is unequal as compared to other properties', you are indicating that your property is not appraised at the same level as a representative sample of comparable properties, appropriately adjusted for condition, size, location and other factors. Your property may be appraised at its market value, but be unequally appraised. An appraisal review board may adjust your value to equalize it with other comparable properties. Please check all boxes that apply in order to preserve your rights so that the appraisal review board may consider your protest according to law.

| Step 3: Check reason(s) for your protest | | | |
|---|---|---|---|
| ☐ Value is over market value. | | ☐ Exemption was denied, modified or cancelled. | |
| ☐ Value is unequal compared with other properties. | | ☐ Change in use of land appraised as ag-use, open-space, or timber land. | |
| ☐ Property should not be taxed in _____ (name of taxing unit) | | ☐ Ag-use, open-space or other special appraisal was denied, modified or cancelled. | |
| ☐ Failure to send required notice. _____ (type) | | ☐ Owner's name is incorrect. | |
| ☐ Other: | | ☐ Property description is incorrect. | |
| | | ☐ Property should not be taxed in this appraisal district or in one or more taxing units. | |

| Step 4: Give facts that may help resolve your case (continue on additional page if needed) | _____ |
|---|---|
| | _____ |
| | _____ |
| | What do you think your property's value is?  (Optional)  $_____ |

| Step 5: Check to receive ARB hearing procedures | I want the ARB to send me a copy of its hearing procedures. |
|---|---|
| | ☐ Yes   ☐ No* |
| | * If your protest goes to a hearing, you will automatically receive a copy of the ARB's hearing procedures. |

| Step 6: Sign the protest | print here ↓ _____ Print Name | Date |
|---|---|---|
| | sign here ↓ _____ Signature | |



Property Tax
# Form 50-132

# Property Appraisal – Notice of Protest

830-303-3313
Phone *(area code and number)*

**Guadalupe Appraisal District**
Appraisal District's Name

**3000 N. Austin Street**     Seguin, Texas 78155
Address

**INSTRUCTIONS:** If you want the appraisal review board to hear and decide your case, you must file a written notice of protest with the appraisal review board (ARB) for the appraisal district that took the action you want to protest. If you are leasing the property, you are subject to the limitations set forth in Texas Tax Code, section 41.413.

**FILING DEADLINES:** The usual deadline for filing your notice (having it postmarked if you mail it) is midnight, May 31.

A different deadline will apply to you if:
- your notice of appraised value was delivered to you after May 2;
- your protest concerns a change in the use of agricultural, open-space or timber land;
- the appraisal district or the ARB was required by law to send you notice about a property and did not; or
- the ARB made a change to the appraisal records that adversely affects you and you received notice of the change;
- in certain limited circumstances, you had good cause for missing the May 31 protest filing deadline.

Contact the appraisal review board for your specific protest filing deadline.

**POSTPONEMENT OF HEARING:** You are entitled to one postponement of the hearing on your protest without showing cause if you have not designated an agent to represent you at the hearing and you request the postponement with the appraisal review board before the date of the hearing. You are also entitled to postpone your hearing if you or your agent show good cause for the postponement. "Good cause" is defined in Texas Tax Code, section 41.45(e-2) as a "reason that includes an error or mistake that: (1) was not intentional or the result of conscious indifference; and (2) will not cause undue delay or other injury to the person authorized to extend the deadline or grant a rescheduling."

**ASSISTANCE:** The Comptroller (including the Property Tax Assistance Division) may not advise a property owner, a property owner's agent, an appraisal district, or an appraisal review board on a matter that the comptroller knows is the subject of a protest to the appraisal review board.

## STEP 1: Owner's or lessee's name and address.

DAVID                                          GOAD
Owner's or Lessee's First Name and Initial          Last Name

1154 Riverlawn Dr.
Owner's or Lessee's Current Mailing Address *(number and street)*

NEW Braunfels Tx 78130          830-515-2052
City, State, ZIP Code                              Phone *(area code and number)*

## STEP 2: Describe property under protest

Give Street Address and City if Different from Above, or Legal Description if No Street Address

Property ID 107520

Appraisal District Account Number *(if known)*

Mobile Homes *(give make, model and identification number)*

## STEP 3: Check reasons for your protest

Failure to check a box may result in your inability to protest an issue. If you check "value is over market value," you are indicating that the appraised value is excessive and your property would not sell for the amount determined by the appraisal district. If you check "value is unequal as compared to other properties," you are indicating that your property is not appraised at the same level as a representative sample of comparable properties, appropriately adjusted for condition, size, location, and other factors. Your property may be appraised at its market value, but be unequally appraised. An appraisal review board may adjust your value to equalize it with other comparable properties. Please check all boxes that apply in order to preserve your rights so that the appraisal review board may consider your protest according to law.

[X] Value is over market value.
[X] Value is unequal compared with other properties.
[ ] Property should not be taxed in _____ *(name of taxing unit)*
[ ] Failure to send required notice. _____ *(type)*
[ ] Exemption was denied, modified or cancelled.

[ ] Change in use of land appraised as ag-use, open-space or timber land.
[ ] Ag-use, open-space or other special appraisal was denied, modified or cancelled.
[ ] Owner's name is incorrect.
[ ] Property description is incorrect.
[ ] Property should not be taxed in this appraisal district or in one or more taxing units.
[X] Other: this is out right theft

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information www.window.state.tx

Exhibit "19"

50-12/11



**STEP 4: Give facts that may help resolve your case** *(continue on additional page if needed).*

This is a fraudulent appeal

What do you think your property's value is? *(Optional)*   $ _____

**STEP 5: Check to receive ARB hearing procedures.**

I want the ARB to send me a copy of its hearing procedures.   ☐ Yes   ☐ No*

* *If your protest goes to a hearing, you will automatically receive a copy of the ARB's hearing procedures.*

**STEP 6: Sign here.**

sign here ▶ _____   5/31/13
Signature                                       Date

OFFICIAL NOTICE OF APPRAISED VALUE

GUADALUPE APPRAISAL DISTRICT
3000 N. AUSTIN ST.
SEGUIN, TEXAS 78155
Phone: 830/372-2871  830/303-3313
Fax: 830/372-2874
Schertz Office: 210/945-9708  Ext 202

April 8, 2013

Property ID 107520
Ownership %: 100.00
Geo ID: 2G0134-0000-01105-0-00
DBA:
Legal: ABS: 134 SUR: JOSE FLORES 1.000 AC.
Legal Acres: 1
Situs: WINDSOCK TX
Owner ID: 157096

Property ID: 107520 - 2G0134-0000-01105-0-00
GOAD DAVID
CUSTODIAN FOR NATALIE H GOAD
1154 RIVERTREE DR
NEW BRAUNFELS, TX 78130-2425

**APPRAISAL NOTICE**

Dear Property Owner,
We have appraised the property listed above for the tax year 2013. As of January 1, our appraisal is outlined below:

| | | |
|---|---|---|
| Structure / Improvement Market Value | 0 | 0 |
| Market Value of Non Ag/Timber Land | 12,500 | 21,713 |
| Market Value of Ag/Timber Land | 0 | 0 |
| Market Value of Personal Property/Minerals | 0 | 0 |
| Total Market Value | 12,500 | 21,713 |
| Productivity Value of Ag/Timber Land | 0 | 0 |
| Appraised Value* (Possible Homestead Limitations, see asterisk below) | 12,500 | 21,713 |
| Homestead Cap Value excluding Non-Homesite Value (i.e. Ag, Commercial) | 0 | 0 |
| Exemptions | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 12,500 | GUADALUPE COUNTY | 21,713 | 0 | 21,713 | 0.345600 | 75.04 |
| 12,500 | LATERAL ROAD | 21,713 | 0 | 21,713 | 0.058000 | 12.59 |
| 12,500 | MARION ISD | 21,713 | 0 | 21,713 | 1.280000 | 277.92 |

**Do NOT Pay From This Notice**      **Total Estimated Tax $365.55**

The difference between the 2008 appraised value and the proposed 2013 appraised value is 73.70%. This percentage information is required by Tax Code section 25.19(b-1).

*The Texas Legislature does not set the amount of your local taxes. Your property tax burden is decided by your locally elected officials and all inquiries concerning your taxes should be directed to those officials.*

The above tax estimates use last year's tax rates for the taxing units shown. The governing body of each unit (school board, county commissioners, city council and so forth) decides whether property taxes increase. The appraisal district only determines your property value. The taxing units will set tax rates later this year.
* Your residence homestead is protected from future assessed value increases in excess of 10% per year from the date of the last appraisal PLUS the value of any new improvements.
** If you are 65 years of age or older and received the $10,000 school tax exemption on your home last year from the school listed above, your school taxes for this year will not be higher than when you first received the exemption on this home. If you are disabled and received the $10,000 school tax exemption on your home last year from the school listed above, your school taxes for this year will not be higher than the 2003 taxes or the first year you received the exemption, whichever is later. If your county, city, or junior college has approved a limitation on your taxes in the preceding year, your county, city, or junior college taxes will not be higher than the first year your county, city, or junior college approved the limitation or the first year you qualified for the limitation. If you improved your property (by adding land, square footage or buildings) which were not previously accounted for on the appraisal roll, your school, county, city, or junior college ceiling may increase for these improvements. If you are a surviving spouse, age 55 or older, you may retain the school, county, city, or junior college tax ceiling.
Contact the appraisal office if you disagree with this year's proposed value for your property or if you have any problem with the property description or address information. If the problem cannot be resolved, you have the right to appeal to the appraisal review board (ARB).

To appeal, you must file a written protest with the ARB before the deadline date:
   Deadline for filing a protest:        May 31, 2013
   Location of Hearings:               3000 N. AUSTIN ST/SEGUIN, TX 78155
   ARB will begin hearings:            May 8, 2013

Enclosed is a protest form to send the appraisal district office if you intend to appear and present evidence before the ARB. The ARB will notify you of the date, time and place of your scheduled hearing. Enclosed, also, is information to help you in preparing your protest. You do not need to use the enclosed form to file your protest. You may protest by letter, if it includes your name, your property's description, and your reason for protesting.
   If you have any questions or need more information, please contact the appraisal district office at the telephone or address shown above.

Sincerely,

Chief Appraiser


You are entitled to an explanation of the remedies available to you when you are not satisfied with the appraised value assigned to your property by your appraisal district. The Texas Comptroller of Public Accounts is required to publish an explanation of the remedies available to taxpayers and procedures to be followed in seeking remedial action. The Comptroller also must include advice on preparing and presenting a protest.

The Legislature further directs that copies of this document be made readily available to taxpayers at no cost. The chief appraiser of an appraisal district may provide a copy with the *Notice of Appraised Value* mailed to property owners to explain the time and procedures used in protesting the value of their property. The chief appraiser must provide another copy to property owners initiating protests.

The first step in exercising your rights under the Tax Code is to protest your property's appraised value. The following remedies only address appraised values and related matters. Government spending and taxation are not the subjects of this publication and must be addressed by local taxing units.

## How to Protest Property Value

If the appraisal district appraises your property at a higher amount than in the previous year, state law requires the appraisal district send a notice by May 1, or by April 1 if your property is a residential homestead, or as soon as practical thereafter. The notice must separate the appraised value of real and personal property and show an estimate of how much tax you would have to pay based on the same tax rate your city, county, school district and any special purpose district set the previous year.

The notice will also include the date and place the appraisal review board (ARB) will begin hearing protests and may tell

must have a website. Contact your local appraisal district for more details on filing a protest electronically.

## What Can be Protested

The *Notice of Protest* may be filed using the prescribed form on the Comptroller's website: www.window.state.tx.us/taxinfo/taxforms/50-132.pdf. The notice need not be on this form. Your notice of protest is sufficient if it identifies (1) the protesting person claiming an ownership interest in the property, (2) the property that is the subject of the protest and (3) dissatisfaction with a determination of the appraisal district.

You may protest the value on your property in the following situations:

- the value the appraisal district placed on your property is too high;

- your property is unequally appraised;

- the appraisal district denied a special appraisal, such as open-space land, or incorrectly denied your exemption application;

- the appraisal district failed to provide you with required notices; or

- other matters prescribed by Tex. Tax Code §41.41(a).

## How to Complete the Protest Form

If using the protest form, these tips will help ensure that you can present your evidence and preserve your appeal rights.

- You should pay particular attention to the reason for protest section of the form.

- What you check as the reason for the protest influences the type of evidence you may present at your hearing.

- Your appeal options after the hearing are influenced by what you protest.

your concerns at the informal meeting with the appraisal district.

Find out the process your appraisal district follows. Try to discuss your protest issue with the appraisal office in advance. Ask one of the appraisal district's appraisers to explain how the district arrived at the value of your property. Be sure the property description is correct and that the measurements for your home or business and lot are accurate. Many appraisal districts have this information online.

## What is an ARB?

The ARB is an independent, impartial group of citizens authorized to resolve disputes between taxpayers and the appraisal district. Although, in most counties, the ARB is appointed by the appraisal district board of directors, it is not controlled by the appraisal district.

Bringing a protest before the ARB is a formal process; it is somewhat like taking a case to a court for resolution. The ARB must follow certain procedures that may be unfamiliar to you. It must base its decisions on facts it hears from you and the appraisal district to decide whether the appraisal district has acted properly in determining the value of your property.

ARB members cannot discuss your case with anyone outside of the hearing. You should know, however, that your protest hearing is open to the public; anyone can sit in and listen to the case.

## When are Protests Filed?

You should file your *Notice of Protest* with the ARB no later than 30 days after the appraisal district mailed the *Notice of Appraised Value*. You may request an evening or weekend hearing. The ARB will notify you at least 15 days in advance of the date, time and place of your hearing. If you are not represented by an agent, you are entitled to one postponement of the hearing to a later date without showing cause. The ARB

STATE OF TEXAS        )(
                      )( KNOW ALL MEN BY THESE PRESENTS
                      )(

Office of Tavie Murphy Tax Assessor-Collector

Installment Agreement

THAT WHEREAS, the undersigned Payer acknowledges liability to the taxing unit for delinquent taxes for the year (s) and amounts and on the property indicated herein; and

WHEREAS, the undersigned Tax Collector for the tax unit indicated hereby acknowledges that pursuant to Section 33.02, Texas Property Tax Code, the statutory authority exists for the collection of delinquent taxes by installment payments;

NOW THEREFORE the undersigned Payer and Tax Collector hereby enter into the following Agreement for the payment of delinquent taxes, penalty and interest over a period of time not to exceed 36 months:

I.

Payer agrees to pay, under the terms set forth herein, the full amount of the delinquent taxes, penalty, interest and attorney's fees accrued as of this date in addition to interest and penalty which will accrue on the unpaid taxes as provided by the Texas Property Tax Code. Payer further agrees to pay when due any other Property Taxes hereafter levied by this taxing unit which are the liability of the Payer. It is agreed by the parties that partial payments shall be proportionately credited to the different entities for which taxes are assessed by the Tax Office and due by Payer. The Payer agrees that the Tax Collector may apply the payments to any tax account described in this agreement.

II.

Tax Collector agrees that upon execution of this Agreement, no suit will be filed for collection of the delinquent taxes which are the subject of this Agreement, nor will the property described herein be seized or sold unless the Payer defaults under this Agreement;

1. Failing to make a payment as required by this Agreement;
2. Failing to pay, when due, any other property taxes hereafter levied by this taxing unit which are the liability of the Payer; or
3. Breaching any other condition of this Agreement.

Notwithstanding any terms contained herein to the contrary, the Tax Collector may proceed to obtain a judgement in any lawsuit to collect the delinquent taxes which is pending on the date of the execution of this Installment Agreement.

III.

In the event of Payer's default under this Agreement, the Tax Collector shall have the right to immediately file suit for the collection of delinquent tax, penalty, and interest still due and owing under this Agreement plus court costs and attorney's fees as permitted by law. It is agreed that the Tax Collector may intervene in any suits against Payer which may be filed by other taxing units.

IV.

THE EXECUTION OF THIS INSTALLMENT AGREEMENT BY PAYER IS AN IRREVOCABLE ADMISSION OF LIABILITY FOR ALL TAXES, PENALTIES, AND INTEREST THAT ARE THE SUBJECT OF THIS AGREEMENT.

V.

Printed on 9/5/2013 at 4:22:58 PM

Exhibit "20"

Installment Agreement Start Date: 10/30/2013

Owner: GOAD DAVID

Taxing Unit(s): Marion Isd, Lateral Roads, Guadalupe County

Year(s) for which taxes are delinquent: 2012, 2011, 2010, 2009, 2008

Delinquent taxes not including penalty, interest or attorney fees as of this date: $902.28

Property Description
2G0134-0000-01105-0-00    R146794    ABS: 134 SUR: JOSE FLORES 1.000 AC.

Method of Payment: Taxes, penalty and interest shall be due in installments of $50.00 or more each, payable Monthly, 30th day of every month beginning 10/30/2013 and continuing regularly thereafter until all delinquent taxes, penalty and interest have been fully paid.

Place of Payment: Office of Tavie Murphy Tax Assessor-Collector
                  Guadalupe Tax Office
                  307 W. Court
                  Seguin, TX 78155

Witness the signatures of the parties this 09/05/2013

By: _____

GOAD DAVID

CUSTODIAN FOR NATALIE H GOAD

NEW BRAUNFELS, TX 78130

By: _____

Office of Tavie Murphy Tax Assessor-Collector

CAUSE NO. JSC4-4995

| | | |
|---|---|---|
| DAVID GOAD | § | IN THE JUSTICE COURT |
| Plaintiff, | § | |
| v. | § | |
| | § | PRECINCT NO. FOUR |
| JAMIE OSBORNE | § | |
| Defendant. | § | |
| | § | GUADALUPE COUNTY, TEXAS |

**AGREED RECORD OF SEPTEMBER 10, 2014 HEARING**

This AGREED RECORD of the September 10, 2014, hearing comes unopposed by the defendant or Judge Friesenhahn. Therefore, in the name of justice, it is agreed, this record shall memorialize the hearing that day.

**1. Judge:** We are here on two cases David Goad v. Erick Strey, and David Goad v. Jaime Osborne.

**2. Judge:** We are going to address the motions in the order received by the court.

**3. Goad:** Objection, The Motion for Fair Trial and Venue Change should be addressed first, it sets precedence over all other motions because it is written law, and I can find no exception to that law, a new law, first adopted one year ago, it is also a constitutional issue.

**4. Judge:** The problem is it is a Fair Trial Venue motion and were not at trial.

**5. Judge:** The motion is denied.

**6. Sloan:** There are three grounds in the partial summary judgment in which my clients are entitled to, governmental immunity, substantive due process, and procedural due process. Mr.

*Exhibit "21"*

Goad did not participate in either, as he did not make a protest in the relevant years. This is a lawsuit that should be filed against the appraisal district and not my clients. Mr. Goad's pleadings are groundless and should not be allowed by this court.

**7. Goad:** I object to everything that wasn't plead in his first responsive pleading. We are here on an issue of immunity. This whole hearing should be focused upon that. I will speak on federal law because it is over state law. The state cannot make a law the trumps federal law as I have stated in my pleadings. If I could have brought in witnesses today this thing would be over with and all we would have to do is assemble a jury for damages. Hopefully, and indictment would be issued.

**8. Goad:** (Reads from his First Amended Complaint): #6 thru #24. I provide both law from the United States Supreme Court and the 5th District which is over this court. This is all based upon federal law.

**9. Judge:** We're going by state law because we're in state court not a federal court.

**10. Goad:** Can I pull up federal case law to prove my point. I have all the books here on the federal case law that allows state courts to hear these matters. Also, state law does not allow immunity when someone acts in a fraudulent manner.

**11. Judge:** We are here for two motions, immunity and subject matter jurisdiction. I agree that state law does not trump federal law, but we are not in federal court we are in state court.

**12. Goad:** I would like to cite federal law from the books I brought from the number one man quoted in the U.S. Supreme Court. You cannot erase federal law because we are in a state court.

**13. Judge:** The problem is I don't have jurisdiction in this case. This case has to be in district court. You say you sued them individually and not the appraisal district, its got to be in district court. I cannot hear a case against the appraisal district, sorry. When the documents were stored at the appraisal district and sanitized the appraisal district was involved. I have no jurisdiction in this case.

Respectfully submitted,

DAVID GOAD, Plaintiff
1154 Rivertree Drive
New Braunfels, Texas 78130
830-515-2052

## CERTIFICATE OF SERVICE

The undersigned certifies that on Sept 24, 2014, this **AGREED RECORD** was served on all parties in accordance with Texas Rules of Civil Procedure as set out herein below:

Jeremy R. Sloan, Esq.
16500 San Pedro., Suite 410
San Antonio, Texas 78232
U.S. Mail

David Goad